## *IN RE* ESTATE OF PERRY.

1. THE AGREED STATEMENT authorized by statute as a sufficient brief and return for an appeal must contain within itself all that is necessary to enable the Supreme Court to pass upon the exceptions; and, therefore, this court cannot declare error in findings of fact by the Circuit Judge, where none of the testimony is incorporated in the Agreed Case, notwithstanding the consent of counsel that such testimony should be filed in the office of the clerk of this court for reference by either party.

Before IZLAR, J., Charleston, September, 1893.

Appeal from decree of the Circuit Court on appeal from the Probate Court in the matter of the estate of Oliver Perry, fixing balance due by one of the executors.

*Mr. C. S. Bissell,* for appellant.

*Messrs. Jervey & Prioleau,* contra.

September 12, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. The appeal in this case is from a decree of his honor, Judge Izlar, upon two exceptions based upon his findings of fact. The testimony is not set out in the Case, but the following agreement of counsel is contained therein: "We agree to the foregoing case, and consent that it shall constitute the return for the purpose of appeal to the Supreme Court; and that a copy of the testimony, together with the receipts, accounts, the statements, the deeds, the decree of the Probate Court, and all other papers sent to the Circuit Court by the Probate Court, be filed with the clerk of the Supreme Court for reference by either party. No other paper will be required to be served or required to perfect the appeal."

Subdivision 5 of section 345, Code, provides that, "upon appeals to the Supreme Court, in case the attorneys for the appellant and respondent shall agree upon a statement of the case as prepared by them for the hearing of the Supreme Court, such statement of the case shall be a sufficient brief of the same, and no return or other paper from the

Circuit Court shall be required." We do not think this case comes within the provisions of that section. The "statement of the case" should contain within itself all that is necessary to be considered by the Supreme Court upon the hearing of the case on appeal, and this requirement is not fulfilled by the "statement of the case," referring to papers and records filed with the clerk of this court. It is not shown by anything set forth in the "statement of the case" that the findings of fact by the presiding judge were without any testimony to support them, or against the manifest weight of the testimony.

It is the judgment of this court, that the judgment of the court below be affirmed.